UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN SMITH and ELIJA MOSES,
individually and on behalf of others
similarly situated,

                Plaintiffs,          Case No. 8:-09-cv-1628-T-27MAP

v.

JEFF RAINEY, *et al.*,

                Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Partial Motion to Dismiss Plaintiffs' Second Amended Complaint filed by Defendants Jeff Rainer, Sunny Hall, and Hillsborough Kids, Inc. ("HKI") (collectively, "Defendants") (Dkt. 136).[1] Defendants seek dismissal of Counts 8, 9, 18, 19, and 22 of the Second Amended Complaint (Dkt. 103) for failure to sate claims upon which relief may be granted. In addition, Defendants move to dismiss Counts 1, 2, and 3, together with related allegations, because the claims alleged therein were previously dismissed and their inclusion in the Second Amended Complaint is prejudicial. *See* Motion to Dismiss (Dkt. 136, pp. 15-16). Upon consideration, the motion is **DENIED** in part and **GRANTED** in part.

*Counts 1, 2, 3 and Related Allegations*

Counts 1, 2, and 3 of the Second Amended Complaint (formerly Counts II, III, and IV of the Amended Complaint), purporting to allege third party beneficiary claims for declaratory relief compelling performance of the Department of Children and Family's ("DCF") contract with HKI

---

[1] Plaintiffs' claims against each of the other named defendants have been settled or otherwise resolved.

and breach of that contract, were previously dismissed. Dkt. 91, p. 17.[2] Defendants argue that the Plaintiffs' inclusion of these claims (together with "the inflammatory language contained in the 'Nature of Action' and 'Background-Facts' sections") in the Second Amended Complaint is improper and prejudicial. Without addressing the merit of Defendants' prejudice argument, and regardless of whether the inclusion of previously dismissed claims in an amended pleading is proper under the Federal Rules of Civil Procedure,[3] the Court agrees that the inclusion of these claims and related allegations warrants dismissal of the Second Amended Complaint.

Counts 1, 2, and 3 are the only counts in the Second Amended Complaint that incorporate by reference or otherwise expressly rely on the factual allegations in paragraphs 21 through 80, the paragraphs Defendants complain about.[4] Since these counts have been dismissed, the allegations in paragraphs 21 through 80 serve no purpose and should also be removed to avoid confusion and any alleged prejudice, consistent with *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests"). Additionally, since the filing of the Second Amended Complaint, all defendants except Jeff Rainer, Sunny Hall, and HKI have settled.

---

[2] The Order dismissing the Amended Complaint without prejudice (Dkt. 91) provides an overview of this litigation and a brief procedural background.

[3] While the Second Amended Complaint acknowledges that these claims were previously dismissed, Plaintiffs' opposition memorandum does not address the propriety of, or otherwise attempt to justify, including the dismissed claims and related allegations in the Second Amended Complaint. To the extent Plaintiffs included these claims in the Second Amended Complaint for purposes of appeal, "[i]t is far from clear ... why such claims might be deemed inadequately preserved in the absence of such a redundant, futile, and empty gesture." *Williams v. Saxon Mortg. Services, Inc.*, No. Civ. A. 06-0799-WS-B, 2007 WL 2828752, at *8 n.18 (S.D. Ala. Sept. 27, 2007).

[4] Presumably, Plaintiffs elected not to incorporate these allegations into Counts 4 through 22 of the Second Amended Complaint in response to the concerns raised by the Court in connection with its *sua sponte* dismissal of the Amended Complaint.

Allegations pertaining solely to other defendants should be removed from the Second Amended Complaint to avoid confusion.

To the extent Plaintiffs are granted leave to file a Third Amended Complaint, Plaintiffs are directed not to re-plead previously dismissed claims and exclude irrelevant allegations, legal conclusions, and allegations pertaining solely as to those defendants that have previously settled with Plaintiffs.

### *Counts 8 and 9*

Counts 8 and 9 purport to assert claims for outrage/intentional infliction of emotional distress under Florida law. These counts are subject to dismissal without prejudice, but for reasons other than those Defendants argue. The factual allegations satisfy the essential elements of the tort of outrage/intentional infliction of emotional distress and provide fair notice to Defendants of the claims. Specifically, paragraphs 128, 129, 131-35, 137, 138, 140, 142, 144 and 146 of Count 8 and paragraphs 152, 153, 155-61, 163, 165, 166, 170, 178-81 of Count 9 sufficiently allege *facts* supporting the element of outrageous conduct, construed in the light most favorable to Plaintiffs, and considering the custodial authority HKI exercises over Plaintiffs. *See Liberty Mut. Ins. Co. v. Steadman*, 968 So.2d 592, 596 (Fla. 2d DCA 2007)( "[U]nequal position of the parties in a relationship, where one asserts and has the power to affect then interests of the other, may also supply the heightened degree of outrageousness required for a claim of intentional infliction of emotional distress.") (citing Restatement (Second) of Torts, § 46 cmt. e).

Notwithstanding, the factual allegations in Counts 8 and 9 are mixed with immaterial allegations and legal conclusions which contravene *Twombly*'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Specifically, Plaintiffs'

allegations concerning the ADA and EPSDTA (¶¶ 134-35, 158-59), Florida statutes (¶¶136, 160), and general negligence (¶¶ 136, 160) are unnecessary and irrelevant.[5] Count 9 also improperly contains allegations concerning other defendants, including First Health (¶¶ 172-75) and the Agency for Healthcare Administration (¶¶ 173-75). Finally, although obviously a clerical error, paragraph 154 references Karina, not Elijah.

In sum, Counts 8 and 9 should be amended to comply with *Twombly*'s requirements by eliminating unnecessary and immaterial factual and legal allegations. Plaintiffs are granted leave to re-plead these claims and are directed to exclude irrelevant allegations, legal conclusions and references to parties other than the Defendants against whom the claims are made. Each count should contain sufficient factual allegations which, when taken as true, state claims to relief that are plausible on their face. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).[6]

### *Counts 18 and 19*

Counts 18 and 19 purport to state claims for alleged civil rights violations (presumably under 42 U.S.C. § 1983).[7] Plaintiffs allege that HKI knew that Plaintiffs "had constitutionally protective substantive due process rights to be kept safe and free from cruel and unusual punishment," and that HKI had a "duty to ensure the safety and well being" of Plaintiffs and they were damaged by HKI's

---

[5] See Dkt. 91, p. 18: "Rather, Plaintiff's allegations of various actions and inactions, including claims of negligence and inaction, mitigate against a determination that Defendants' conduct was sufficiently outrageous to support such a cause of actions."

[6] Plaintiffs' decision not to incorporate the background allegations into Counts 4 through 22 of the Second Amended Complaint does not relieve them of their obligation to allege sufficient facts in connection with each count that establish the facial plausibility of the respective claims.

[7] Notwithstanding that the prior order directed Plaintiffs to "identify the specific statutory provisions they allege Defendants violated" (Dkt. 91, p. 19 n. 13), Plaintiffs fail to identify the statute under which Counts 18 and 19 are brought, evidencing at the very least inattention to the Court's directive.

"reckless disregard of and indifference to the rights, safety and well-being" of Plaintiffs. Second Amended Complaint, ¶¶ 234, 238; 236, 240. Defendants correctly argue that "Plaintiffs have alleged no facts demonstrating or even suggesting Plaintiffs have been 'punished,' let alone cruel and unusually punished." Dkt. 136, p. 21. Plaintiffs do not respond to Defendants' concern, but rather focus on their right "to be kept safe and free from harm" and their allegations that Defendants recklessly disregarded Plaintiffs' rights "by putting Plaintiffs in locked facilities and subjecting them to medications the Defendants knew were harmful."

Plaintiffs do not allege that they were inmates in the custody of a governmental entity, that they were serving a sentence of incarceration, or that they were being punished when the alleged transgressions occurred. Cruel and unusual punishment claims are governed by the Eighth Amendment and typically involve the treatment a prisoner receives in prison. *Miller v. King*, 384 F.3d 1248, 1260 (11th Cir. 2004). Notwithstanding, by analogy, a claim of deliberate indifference to the welfare of a child in foster care may be brought under section 1983. *See Taylor By and Through Walker v. Ledbetter*, 818 F.2d 791, 797 (11th Cir. 1987) (child involuntarily placed in a foster home is in a situation so analogous to a prisoner in a penal institution and a child confined in a mental health facility that the foster child may bring a section 1983 action for violation of fourteenth amendment rights). Plaintiffs' allegations of "cruel and unusual punishment" presumably referenced under the Eighth Amendment are inappropriate and should be removed from Counts 18 and 19.

Defendants also contend that HKI is not alleged to have acted under color of state law. To obtain relief under section 1983, Plaintiffs must allege and ultimately show that they were deprived of a federal right by a person acting under color of state law. *Patrick v. Floyd Medical Center*,

201 F.3d 1313, 1315 (11th Cir. 2000). Plaintiffs' sole allegation as to HKI's relationship to the Department of Children and Families is found in paragraph 12 of the Second Amended Complaint: "Defendant HKI is a private corporate entity serving as the operator of the Florida foster care system in Hillsborough County." That allegation alone is not sufficient to demonstrate that HKI was acting under color of state law.

In this Circuit, three primary tests govern whether a private actor acts under color of state law, (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003). The determination of whether sufficient state action is present to impose § 1983 liability on a non-state actor is made on a case-by-case basis. *Id.* In amending, Plaintiffs shall allege sufficient facts demonstrating state action.

### *Request for Injunctive Relief (Count 22)*

As for Count 22, the Court previously rejected Defendants' argument that the Amended Complaint failed to state a claim for injunctive relief against these Defendants. *See* Dkt. 91, p. 15.

### *Class Allegations*

With respect to the sufficiency of Plaintiffs' class action allegations, the Court agrees with Plaintiffs that compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim. *Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir. 1969). Plaintiffs' allegations meet the threshold for asserting a class action. When and if certification is sought, and after appropriate class discovery, Defendants may assert any challenge they may have to class certification.

Accordingly, it is **ORDERED** that the Second Amended Complaint is **DISMISSED** without prejudice. Plaintiffs are granted leave to file a Third Amended Complaint on or before **October 3, 2011**. The Third Amended Complaint shall (i) omit any previously dismissed claims as well as claims and allegations relating solely to parties that are no longer before the Court, (ii) contain count specific factual allegations, which, when taken as true, state claims to relief that are plausible on their face, (iii) cite the statutory or constitutional authority for each claim, and (iv) otherwise comply with the directives and authorities cited in this Order and the Court's previous order dismissing the Amended Complaint without prejudice.

**DONE AND ORDERED** in Tampa, Florida, on this 15th day of September, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record